COMMERCIAL WOOD AND CEMENT COMPANY, Appellant, *v.*
NORTHAMPTON PORTLAND CEMENT COMPANY, Respondent.

CORPORATIONS —AUTHORITY OF EXECUTIVE COMMITTEE OF BOARD OF
DIRECTORS SUSPENDED BY CALL FOR MEETING OF BOARD. The execu-
tive committee of the board of directors of a manufacturing corporation
which, under a by-law, had authority to exercise any powers of the board
when the board was not in session, has no power to execute, immediately
prior to a meeting of the board which had been called for the afternoon of
the same day, a contract appointing a sole selling agent of the output for
a term of years; the calling of a meeting suspended the powers of the
committee to act in governmental matters, and the directors having subse-
quently considered and rejected such contract, an action for damages
for the breach thereof is not maintainable, the plaintiff being chargeable
with notice of the lack of authority of the committee.

*Comcl. Wood & Cement Co.* v. *Northampton Portland Cement Co.*, 115
App. Div. 388, affirmed.

(Argued October 29, 1907; decided November 19, 1907.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
November 15, 1906, affirming a judgment in favor of defend-
ant entered upon a dismissal of the complaint by the court at
a Trial Term and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant. The
contract was neither unusual nor extraordinary, but was one
pertaining to the ordinary business of the defendant and fully .

1

within the powers conferred on the executive committee. (*S. El. L. Co.* v. *C. Nat. Bank,* 127 N. Y. 517; *Hoyt* v. *Thompson,* 19 N. Y. 207; *Olcott* v. *T. Ry. Co.,* 27 N. Y. 546; *S. I. Co.* v. *L. S. I. Mines,* 112 Fed. Rep. 237; 2 Cook on Corp. [5th ed.] § 715; *Rollins* v. *C. B. Bank,* 98 App. Div. 606; *Peck* v. *D. S. P. & P. Co.,* 164 N. Y. 127; *Carney* v. *N. Y. L. Ins. Co.,* 162 N. Y. 453; *Caldwell* v. *M. R. F. L. Assn.,* 53 App. Div. 245.) No irregularity in the proceedings of the executive committee, in any way affecting the validity of the contract so far as the plaintiff was concerned, was shown. (*O. S. Co.* v. *Otis,* 100 N. Y. 446; 22 Am. & Eng. Ency. of Law [2d ed.], 1252; *Kuser* v. *Equity,* 52 N. J. Eq. 825; *Bank* v. *Flower Co.,* 41 Ohio St. 552; *A. W. Co.* v. *I. S. Co.,* 164 Ill. 149.)

*Harmon S. Graves* and *Charles S. Yawger* for respondent. The plaintiff had actual knowledge that the board of directors had not authorized the execution of the contract, and had actual notice that the executive committee was attempting to bind the defendant corporation without such authorization; and, further, that the board of directors was to meet on the same day the executive committee authorized the execution of the contract. (Morawetz on Corp. [2d ed]. §§ 587–590; *Parmelee* v. *Physicians, etc.,* 30 N. Y. Supp. 250; *C. I. Co.* v. *Boyton,* 87 App. Div. 251; *Wilson* v. *K. C. E. R. R. Co.,* 114 N. Y. 491; *Alexander* v. *Cauldwell,* 83 N. Y. 480.) As the plaintiff knew that it was dealing with the executive committee of the defendant, it was bound by the authority which that committee had, and by any limitations thereof. (*Alexander* v. *Cauldwell,* 83 N. Y. 480; *Jenison* v. *C. S. Bank,* 122 N. Y. 135; *Parmelee* v. *Physicians, etc.,* 30 N. Y. Supp. 250; *Wilson* v. *K. C. E. R. R. Co.,* 114 N. Y. 491; *C. I. Co.* v. *Boyton,* 87 App. Div. 251; *Glass* v. *U. S. Co.,* 5 Misc. Rep. 324; *Allen* v. *St. Lawrence Co.,* 88 Hun, 461; *Bangs* v. *N. M. Co.,* 15 App. Div. 522; *Risley* v. *I. Ry. Co.,* 1 Hun, 202.) As a matter of law, the executive committee of the defendant had no express or implied power to enter into

a contract of an unusual or extraordinary nature, such as this was, and the trial court, in the exercise of its sound judicial discretion, properly dismissed the complaint. (*C. I. Co.* v. *Boyton*, 87 App. Div. 251; *Green* v. *I. H. Co.*, 84 N. Y. Supp. 591; *Carney* v. *N. Y. L. Ins. Co.*, 162 N. Y. 453.)

GRAY, J.    The plaintiff and the defendant are corporations, organized under the laws of the state of Delaware, and having offices for the conduct of their business in the city of New York. The business of the defendant is the manufacture and sale of cement and that of the plaintiff the marketing and selling of that material. A contract was executed by their presidents, whereby the agreement of the defendant was that the plaintiff should be its sole selling agent for the entire output of its cement for a term of years, and this action was brought by the plaintiff to recover damages for the breach of the contract. The defense interposed to the action was, in brief and so far as material to be stated, that the contract was executed by the direction of the defendant's executive committee and that that committee was without power to make it. Upon the trial of the action, the court dismissed the complaint; upon the ground that the contract was an unusual and extraordinary one, which the executive committee was not authorized to make. The Appellate Division affirmed the judgment in favor of the defendant, with some difference of opinion as to the grounds. One of the grounds assigned was the same, substantially, as that taken by the trial court and another ground was that the contract was invalid, for the lack of any consideration in the existence of mutual obligations of the contracting parties.

I think that the executive committee of the defendant's board of directors was without authority, under the circumstances, to obligate the defendant by this contract. By section 9 of the General Corporation Law of the state of Delaware, it is provided that " the business of every corporation * * * shall be managed by a Board of not less than three Directors * * *. The Board of Directors may, by reso-

lution, · * * * designate two or more of their number to constitute an Executive Committee, who, to the extent provided in said resolution, or in the by-laws of said Company, shall have and exercise the powers of the Board of Directors in the management of the business and affairs of the Company," etc.    A by-law of the defendant provided that the directors " shall have the general charge of the management of the Company's property, and the regulation and government of its 'affairs " and, further, provided for the selection by them of an executive committee of five members, who should " have authority to exercise any powers of the Board when the Board is not in session, * * * subject at all times to the orders of the Directors."    The term of office of the directors was one year.    At the time when the meeting of the executive committee was held, at which this contract was entered into on behalf of the defendant, a meeting of the board of directors had already been called by the secretary for the afternoon of the same day.    The session of the board was held within two hours after this contract had been executed by the direction of the executive committee and, a copy of the contract having been transmitted to them, the directors passed a resolution notifying the plaintiff that the " proposed contract " was under consideration and that it was to take no action under it, until the board of directors had acted thereon.    A copy of the resolution was sent the same day to the plaintiff.    At a subsequent date, the board of directors, by formal resolution, disapproved of, and rejected, the contract; of which action the plaintiff was notified.

Under the circumstances, it is very clear that the executive committee acted not only improperly, but unauthorizedly. For corporate purposes, the calling of a meeting of the board of directors suspended the power of the executive committee, meanwhile, to act in governmental matters.    The authority conferred by the by-laws upon the executive committee was to exercise the powers of the board when it was not in session; but, within the spirit and intendment of the by-laws, a session of the board had been so far moved, if not initiated, by the

previous calling of a meeting, as to preclude such exercise by the committee, meanwhile, in the administration of the company's affairs. By the law of its organization, as well as by the by-laws adopted for the management of its business, the directors were given the general and responsible charge of the management of the company's property and business. In delegating authority to those of their number, who had been selected to form an executive committee, it was intended, and plainly implied, that such subordinate agency of the board of directors should not exercise any powers of government, when the board, itself, was about to sit for that purpose. The committee was made by the by-law " at all times subject to the orders of the Directors " and to undertake the execution of a contract, involving the conduct of the corporate business and affecting its property, after the session of the directors had been called, was in violation of the by-law. The plaintiff, in dealing with the executive committee of the defendant, was chargeable with a knowledge of the law and of the extent of the authority conferred upon that agency of the board. In thus entering into a contract with the defendant, the plaintiff was put upon its inquiry as to the scope of the powers of the executive committee to bind the corporation thereby. It was bound to know that the committee was always subject to the orders of the board and that the field for executive action was only free to it when the directors had not themselves appropriated it. It would be an extraordinary proposition to maintain, as it seems to me, that a committee, appointed to exercise the powers of the board, when it was not in session, could conclude the corporation by action taken in anticipation of the actual convening of the directors under the notice of the secretary. That would be a vicious assumption, or usurpation, of power. The officers of the plaintiff took the chance, if failing to inform themselves of the right of the executive committee to act, of the validity of such a contract, or of its being adopted by the board, and being notified the same day that the board would pass upon the proposed contract, it is difficult to perceive a plausible basis for plaintiff's cause of action.

I think that the executive committee of the defendant had no power to execute any such contract and that the plaintiff was chargeable with knowledge of its lack of authority. I think that it could be shown that the contract itself was of that unusual nature, in the obligations sought to be imposed upon the defendant and in the provision for its continuance over a period of five years, without the possibility of terminating it within that time, as to render its execution something in excess of the implied power of the committee. But, if I am right in the views which I have already expressed, it is not necessary to consider that feature of the case.

For the reasons which I have given, I think that the judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.