OTIS F. WOOD, Respondent, v. LUCY, LADY DUFF-GORDON, Appellant.

First Department, April 20, 1917.

Contract — validity — failure of consideration and mutuality.

A contract, which recites that the defendant's personal approval and indorsement over her own name of certain articles has a distinct value to manufacturers, and which gives the plaintiff the exclusive right to place such indorsements as may, in his judgment, be most advantageous to the defendant, and which also gives him the exclusive right to sell or to license others to manufacture and sell certain articles created by the defendant, and under which he agrees to take out patents and protect them by legal proceedings, and to collect the revenues derived from the indorsements, sales and licenses, as in his judgment may be necessary to protect the name and such ideas or articles as are affected by the contract, and to pay the defendant one-half thereof, but which no where binds the plaintiff to secure the indorsements or make the sales or grant the licenses, so that the enforcement of his promise to collect and pay over is made to depend upon an act which he has not agreed to perform, is void for lack of mutuality and consideration.

APPEAL by the defendant, Lucy, Lady Duff-Gordon, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of January, 1917, denying defend-

ant's motion for judgment on the pleadings consisting of an amended complaint and a demurrer thereto.

*Edward E. Hoenig,* for the appellant.

*John Jerome Rooney,* for the respondent.

DAVIS, J.:

The question to be determined is whether the complaint states facts sufficient to constitute a cause of action. The action is brought upon a written agreement which is set forth in full in the complaint. The defendant claims that the agreement is not enforcible against the defendant for lack of mutuality and consideration.

This agreement recites that the defendant occupies a unique and high position as a creator of fashion in America, England and France and that her personal approval and indorsement over her own name of certain articles, fabrics and adjuncts of fashion has a distinct monetary value to manufacturers of such articles and that plaintiff has a business organization adapted to the placing of such indorsements as the defendant has approved. The contract then proceeds to give the plaintiff the exclusive right to place such indorsements as may in his judgment be most advantageous to the defendant, as well as those indorsements approved by defendant or her personal business adviser. The agreement also gives the plaintiff the exclusive right to sell or license others to manufacture and sell certain articles created by the defendant. It then provides that the plaintiff is to collect all profits and revenues from the indorsements obtained, from the sales made and from the licenses granted. The defendant is to receive one-half of these revenues, the plaintiff receiving whatever remains after defraying the cost of securing the revenues, and accounting to the defendant monthly for all moneys received by him. It is also provided that the plaintiff is to procure such patents, copyrights or trade marks as may in his judgment be necessary to protect the names and such ideas or articles as are affected by the contract and to take such proceedings as in his judgment may be necessary to protect the patents, copyrights and trade

marks, the expense of those proceedings being born equally by plaintiff and defendant. The complaint alleges that the defendant broke her contract by placing her indorsements on certain articles without his consent and for a valuable consideration, thus denying to the plaintiff the exclusive right to place indorsements, and depriving him of the right to collect the profits and revenues from the indorsements in question and depriving him of his share of those profits and revenues.

It will be observed that the plaintiff by this contract promises to collect the revenues derived from the indorsements, sales and licenses and to pay the cost of collecting them of his half thereof and to account to the defendant each month. But this promise on his part is not binding on him unless he places indorsements, makes sales or grants licenses, and nowhere in the contract has he bound himself to get these indorsements, or make the sales or grant the licenses. The enforcement of his promise to collect and pay over is thus made to depend upon an act which he has not agreed to perform and which the defendant cannot compel him to perform. He promises to collect the revenues from the indorsements provided he sees fit to place the indorsement. It is quite apparent that in this respect the defendant gives everything and the plaintiff nothing and there is a lack of mutuality in the contract. And the same may be said of plaintiff's agreement to take out patents and protect them by legal proceedings. The performance of this promise cannot be enforced, for the reason that the promise relates to indorsements which he is under no obligation to place, and the performance of it is left entirely to his own judgment. In fact the plaintiff in the nature of the case could not perform any of his various dependent agreements unless he placed indorsements, made sales or granted licenses to manufacture. And as the contract did not bind him to do any of these things, there is no provision of the contract which the defendant could enforce against him. As was said in the case of *Commercial Wood & Cement Co. v. Northampton Portland Cement Co.* (115 App. Div. 388, 394; affd., 190 N. Y. 1): "There could never be any breach of this contract by the plaintiff, because under it the plaintiff did not obligate itself to do anything."

This contract is void for lack of mutuality and consideration, and the order denying defendant's motion for judgment on the pleadings should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.